PASQUALE CONTALDI *vs.* FRANK ERRICHETTI.

Third Judicial District, New Haven, June Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In an action by a tenant in common against his cotenant to recover one half the expense incurred by the former in improving the common property pursuant to an agreement between them, the defendant pleaded that the real estate was owned by them as copartners, and that since the improvements had been made there had been a full accounting and settlement of the partnership affairs. The trial court found that whatever the partnership relation, it did not include the ownership and management of such real estate, nor did any settlement between them involve any transactions relating thereto. *Held :—*

1. That this finding was sufficient to dispose of such defense, and rendered it useless for the court to go further and determine whether any partnership in fact existed, and if so, the nature and scope of it.
2. That the limit of the plaintiff's recovery was one half of his actual

expenditure, as contended by the defendant, and not the reasonable worth or fair market value of the improvements.

3. That this principle was correctly applied by the trial court, notwithstanding its apparent misapprehension of the import of the defendant's claim.

Submitted on briefs June 7th—decided July 30th, 1906.

ACTION upon an oral agreement to recover one half of the cost of additions and improvements made to buildings owned by the parties in common, brought to and tried by the District Court of Waterbury, *Peck, Acting-Judge;* facts found and judgment rendered for the plaintiff for $600, and appeal by the defendant. *No error.*

*Charles G. Root,* for the appellant (defendant).

*James E. Russell, Lucien F. Burpee* and *Terrence F. Carmody,* for the appellee (plaintiff).

PRENTICE, J. It is alleged in the complaint, and found, that the plaintiff and defendant owned certain real estate in common; that it was agreed between them that the plaintiff should make certain improvements thereon, of which the defendant should bear one half the expense; that the plaintiff expended $1,200 in making such improvements; and that the defendant has refused to repay the plaintiff his share of said sum.

The defendant filed a general denial, and also a special defense to the effect that the property in question was owned by the parties as copartners, that whatever the plaintiff did or expended thereon was done and expended under said partnership, that there had since been a full accounting and settlement between the parties of the affairs of said partnership, including those for which the present action is brought, and that pursuant to said accounting and settlement the defendant had paid the plaintiff a sum of money in full discharge of the former's liability to the latter arising out of said partnership and its dealings and transactions.

The court found that whatever partnership relation might have existed between the parties, it did not include the ownership and management of the real estate in question, nor any dealings therewith; and that whatever settlement was made it did not embrace any transactions relating thereto.

The defendant complains because the court did not find whether any copartnership in fact existed, and if so, the nature and scope of it. Clearly the court was under no duty to adjudicate that matter, and it would have served no useful purpose had it done so. It was sufficient for the purposes of the case to have it ascertained that, whatever copartnership relation there might have been, the matters here involved were not connected with it. By the finding of that fact the special defense was effectually disposed of.

The defendant asked the trial court to rule that " no matter what the additions and improvements claimed to have been made by the plaintiff were reasonably worth, or what was their fair market value, the defendant could not be liable in this action for any more than one half of what the plaintiff actually expended in making the additions and improvements alleged in the complaint." As to this claim the court, in its finding, says that it held that said proposition had no application to the facts before the court.

We understand the purport of the claim made, to be that the amount of the plaintiff's recovery must be based upon the plaintiff's expenditure, and not upon the fair market value of the improvements made, nor upon what they were reasonably worth. So interpreted the proposition was a sound one. It is quite apparent that the court, in making the quoted statement concerning it, misinterpreted the language in which it was couched, since the finding makes it clear beyond question that the court applied precisely the principle for which the defendant contended, and rendered judgment for one half the cost to the plaintiff of his improvements and not for one half their reasonable worth or of their fair market value. The finding states in most explicit terms that the court determined the sums paid by

the plaintiff on each portion of the work, and rendered judgment for one half of the sums expended.

It is argued from the fact that expert evidence was received with respect to some of the improvements, that the damages were not assessed upon the basis of cost to the plaintiff. This evidence, however, which was received without objection, was directed, as the finding states, to the cost and not to anything else. Clearly the defendant was not harmed by the action which the court took, and ought not, therefore, to be awarded a new trial for what is so palpably an inadvertent and mistaken statement in the finding.

There is no error.

In this opinion the other judges concurred.